FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 JUL 13 PM 3:14
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MARION DENNIS MURRAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 111-099 |
| | ) | |
| CEDRIC TAYLOR, Warden, and | ) | |
| BARRACK HUSSEIN OBAMA, President | ) | |
| of the United States, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] For the reasons set forth below, the Court **FINDS** that Petitioner has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* (doc. no. 2) be **DENIED AS MOOT**, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

---

[1] The instant petition consists primarily of incoherent legal jargon. (See, e.g., doc. no. 1, p. 3 ("Administer cognovit judgment respondeat ouster and respondeat superior. Cognovit actionem, inter alia.," and so on).) However, the petition is titled "Form for Use in Applications for Habeas Corpus." (Id. at 1.) Moreover, it is apparent that Petitioner means to challenge his state-court conviction. (Id. at 4, 6.) Accordingly, despite the 22 pages of nonsensical legalese in the instant petition, the Court concludes that it must be a § 2254 habeas corpus petition; of note, the court that transferred this action to this District reached the same conclusion. (Doc. no. 7, p. 1.)

I.   BACKGROUND

In the § 2254 petition, Petitioner attempts to challenge the legality of his imprisonment imposed as a result of a 1987 conviction[2] in the Superior Court of Richmond County, Georgia. (Doc. no. 1, pp. 4, 6.) Petitioner states that the trial court sentenced him to three consecutive life sentences. (Id. at 4.)

Petitioner appears to have unsuccessfully sought habeas corpus relief in the Superior Court of Habersham County. See Murray v. Thompson, CV 104-073, doc. no. 1, p. 2 (S.D. Ga. June 2, 2004) (hereinafter "CV 104-073"); Murray v. Thompson, CV 104-051, doc. no. 3, p. 1 (S.D. Ga. Apr. 15, 2004) (hereinafter "CV 104-051"); see also Murray v. Taylor, CV 111-76, doc. no. 3 (S.D. Ga. May 31, 2011) (hereinafter "CV 111-076."); Murray v. Battle, CV 101-015, doc. no. 12 (S.D. Ga. Apr. 30, 2001) (hereinafter "CV 101-015").[3] In February of 2001, Petitioner filed the first of several § 2254 federal habeas corpus petitions in this Court. CV 101-015, doc. no. 1. That petition, like the instant petition, failed to articulate any discernable grounds for relief. See id. After Petitioner twice failed to follow the Court's instruction to file a properly completed § 2254 petition, the Honorable Dudley H. Bowen, Jr., United States District Judge, adopted this Court's recommendation to dismiss the petition with prejudice for failure to follow orders of the Court. Id., doc. nos. 18, 22. Petitioner's subsequent § 2254 petitions were dismissed because they were successive petitions filed

---

[2]Petitioner does not specify the crime or crimes for which he was convicted. (See doc. no. 1.)

[3]Exercising its discretion to take judicial notice of its own records, see United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987), the Court derives much of the background information from Petitioner's previous filings with this Court.

2

without the requisite authorization from the Eleventh Circuit Court of Appeals. CV 111-076, doc. nos. 3, 5 (Hall, J.); CV 104-73, doc. nos. 1, 3 (Bowen, J.); CV 104-051, doc. nos. 3, 5 (Bowen, J.). Petitioner filed the above-captioned federal petition for writ of habeas corpus on May 25, 2011 (doc. no. 1),[4] and it is now before the Court for initial screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[5]

## II. DISCUSSION

### A. Judicial Notice of the Court's Documents

As noted above, this Court has the authority to take judicial notice of its own documents. Rey, 811 F.2d at 1457 n. 5 ("A court may take judicial notice of its own records and the records of inferior courts."). Moreover, within this Court's records are Petitioner's previous applications for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254, this Court's Reports and Recommendations ("R&Rs") addressing Petitioner's previous applications, and the District Court's Orders adopting those R&Rs as the opinions of the

---

[4]Petitioner originally filed this petition in the District of Columbia; it was subsequently transferred to the Middle District of Georgia, Petitioner's place of incarceration, and was then transferred to this District because Petitioner was convicted in the Superior Court of Richmond County. (See doc. nos. 3, 7.)

[5]In pertinent part, this Rule states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4 of the Rules Governing Section 2254 Cases.

Court. CV 111-76, doc. nos. 3, 5; CV 104-73, doc. nos. 1, 3; CV 104-051, doc. nos. 3, 5; CV 101-015, doc. nos. 18, 22. Pursuant to the Court's power to take judicial notice of its own records, the Court **FINDS** that Petitioner has filed multiple prior applications for a federal writ of habeas corpus, thereby making the current application successive.

**B.     Successive Application for a Writ of Habeas Corpus**

The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, states, "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[6] Thus,

---

[6]Section 2244 is applicable to § 2254 applications by virtue of the following provisions of § 2244:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

§ 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application. . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997) (*per curiam*). Petitioner does not state that he has either sought or been granted permission to file a second or successive § 2254 petition in this Court. Without authorization from the Eleventh Circuit Court of Appeals, this Court cannot consider the instant petition. See id. ("Instead of filing a pleading in the district court attempting to evade the provisions of 28 U.S.C. § 2244(b), as amended, [Petitioner] should have begun by filing in this Court [the Eleventh Circuit Court of Appeals] an application seeking a certificate permitting him to file a second application in the district court, as required by § 2244(b)(3)(A). Because [Petitioner] did not obtain such a certificate, the district court correctly dismissed his habeas application . . . ." Id.).

Here, Petitioner has not stated that he has received permission from the Eleventh Circuit Court of Appeals to file a second or successive application for a writ of habeas corpus. Furthermore, this Court has received no authorization to address an application such as the instant one. As a result, this Court lacks authority to address Petitioner's application.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court **FINDS** that Petitioner has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Therefore, the Court **REPORTS**

and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* (doc. no. 2) be **DENIED AS MOOT**, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of July, 2011, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE